UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BOND,<br><br>         Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>         Defendant. | No. 2: 14-cv-0125 AC P<br><br><br><br><br>ORDER |

     Plaintiff, a former federal detainee in Sacramento County Jail, filed this action pro se, purportedly pursuant to both the Federal Tort Claims Act (FTCA) and Bivens.[1] Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 5.

     Plaintiff has submitted the affidavit required by §1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

     The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

1

1  1915(e)(2).  Plaintiff's claim, whether made pursuant to the FTCA or Bivens, is without merit.

2  Plaintiff alleges that he was held in Sacramento County Jail by U.S. Marshals for a
3  supervised release violation until able to arrange for a drug treatment program.  ECF No. 1 at 4, 7.
4  While in jail, plaintiff "was placed on discipline for minor jail violations," after which "it became
5  apparent that [plaintiff's] personal mail was being held."  Id.  As plaintiff's phone privileges had
6  been revoked, his sole means of communication with family, friends and business associates was
7  by mail.  Id.

8  Plaintiff complains that he did not receive mail for days "and then would get a pile of mail
9  after a week of waiting."  Id.  The envelopes were postmarked with different dates.  Plaintiff
10  alleges that those with whom he corresponded reported that they received mail from him on the
11  same days all postmarked with the same date.  Because a letter he wrote and mailed on a Monday
12  and a letter he wrote and mailed on a Thursday would both be postmarked Tuesday of the
13  following week, plaintiff concluded his mail was being held.  Plaintiff wrote grievances about his
14  mail which were either ignored or denied.  The U.S. Marshals were indifferent to his reports of
15  the matter and told him that because he was on restriction he was not allowed mail.  Id. at 4-5 and
16  Exhibit A at 6.  Plaintiff seeks money damages.  Id. at 3.

17  Federal Tort Claims Act

18  Under the FTCA, federal district courts have "exclusive jurisdiction over claims against
19  the United States for 'injury or loss of property, or personal injury or death caused by the
20  negligent or wrongful act or omission' of a federal employee 'acting within the scope of his office
21  or employment.'"  Millbrook v. United States, 133 S. Ct. 1441, 1442 (2013) (quoting 28 U.S.C. §
22  1346(b)(1)).  The FTCA waives the United States' sovereign immunity for certain intentional
23  torts committed by law enforcement officers."  Id. at 1444.  Under 28 U.S.C. § 1680(h), with
24  regard to the acts or omissions of federal investigative or law enforcement officers, a claim may
25  be made for "assault, battery, false imprisonment, false arrest, abuse of process or malicious
26  prosecution."  None of these six intentional torts are implicated here.  Moreover, under 28 U.S.C.
27  § 1680(b), "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or
28  postal matter" is specifically excepted from the types of claims for which the United States has

1  waived its sovereign immunity.

2  In any event before an action can be brought against the United States for money damages
3  for loss of property, personal injury or death caused by a negligent or wrongful act or omission of
4  any government employee:

> acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

"The requirement of an administrative claim is jurisdictional." Brady v. United States, 211 F.3d 499, 502 (9th Cir.2000) (citing Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir.1995)). "Indeed, the Supreme Court has described the FTCA's exhaustion requirement as a "'clear statutory command.'" Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011); McNeil v. United States, 508 U.S. 106, 113 (1993). Plaintiff does not represent that he filed any claim regarding this allegation in the appropriate federal agency. Accordingly, the complaint fails to provide a basis for this court's jurisdiction.

Bivens

In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (internal quotation/citation omitted). "In the limited settings where Bivens does apply, the implied cause of action is the 'federal analog to suits brought against state officials under...42 U.S.C. §1983.'" Ashcroft v. Iqbal, 556 U.S. at 675-76; see, Bivens, 403 U.S. 388.

The Supreme Court has declined to extend Bivens to embrace a First Amendment claim. Bush v. Lucas, 462 U.S. 367 (1983). On the other hand, more recently the high court has "assume[d], without deciding," that a First Amendment claim could be "actionable under Bivens." Iqbal, 556 U.S. at 675. Assuming that Bivens could encompass such a claim, however,

1  plaintiff's allegations do not implicate the First Amendment or any other constitutional right.
2  Moreover, plaintiff fails to link his allegations to any named individual.  Both <u>Bivens</u> and 42
3  U.S.C. § 1983 require that there be an actual connection or link between the actions of the
4  defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v.</u>
5  <u>Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A
6  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
7  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform
8  an act which he is legally required to do that causes the deprivation of which complaint is made."
9  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff alleges that, while he was in
10 federal detention under disciplinary restriction, at least some of his outgoing mail was not
11 processed as timely as he believes appropriate, possibly delayed for up to a week.  He does not
12 allege that his legal mail was interfered with or that any of his mail was stopped altogether, either
13 outgoing or incoming.

14       This complaint will be summarily dismissed.  "Under Ninth Circuit case law, district
15 courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are
16 not required to grant leave to amend if a complaint lacks merit entirely."  <u>Lopez v. Smith</u>, 203
17 F.3d 1122, 1129 (9th Cir. 2000).  <u>See</u> <u>also</u>, <u>Smith v. Pacific Properties and Development Corp.</u>,
18 358 F.3d 1097, 1106 (9th Cir. 2004), citing <u>Doe v. United States</u>, 58 F.3d 494, 497(9th Cir.1995)
19 ("a district court should grant leave to amend even if no request to amend the pleading was made,
20 unless it determines that the pleading could not be cured by the allegation of other facts.").  This
21 appears to be an instance where leave to amend should be denied because the complaint lacks any
22 merit and this court cannot discern how any amendment could cure its defects.

23       Accordingly, IT IS ORDERED that:
24       1. Plaintiff's application to proceed in forma pauperis (ECF No. 7) is granted;
25       2. This complaint is dismissed and this case is closed.
26 DATED: June 13, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE